UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 25-CV-24442-WILLIAMS

PIOTR SIEKIERKO,

    Petitioner,

v.

GARRETT RIPA, *et al.*,

    Respondents.
_____/

## ORDER

**THIS MATTER** is before the Court on Petitioner Piotr Siekierko's ("***Petitioner***") Amended Motion for Temporary Restraining Order ("***TRO Motion***") (DE 6). The Court heard oral argument on October 6, 2025 (DE 12; DE 19). For the reasons stated during the hearing and as discussed below, Petitioner's TRO Motion (DE 6) is **GRANTED IN PART**.

    I.    **FACTUAL BACKGROUND**

Petitioner Piotr Siekierko ("***Petitioner***") is a citizen of Poland who entered the United States on March 28, 2024, on a temporary B-1 visa.[1] (DE 1 ¶ 5). Petitioner's visa was initially valid until September 24, 2024. (*Id.* ¶ 13). Petitioner requested and obtained an extension through December 11, 2024. (*Id.*) However, relying on his former counsel's

---

[1] According to the United States Citizenship and Immigration Services website, an individual may be eligible for a temporary B-1 visa for "participating in business activities of a commercial or professional nature" such as: (1) consulting with business associates; (2) traveling for a scientific, educational, professional or business convention, or a conference on specific dates; (3) selling an estate; (4) negotiating a contract; (5) participating in short-term training; (6) transiting through the United States, or (7) deadheading. *B-1 Temporary Business Visitor*, USCIS, https://www.uscis.gov/working-in-the-united-states/temporary-visitors-for-business/b-1-temporary-business-visitor (last visited Oct. 7, 2025).

advice, Petitioner did not apply for an additional extension and remained in the United States after his visa expired. (*Id.* ¶ 14; DE 17 at 2). On January 11, 2025, Petitioner married a United States citizen. (DE 1 ¶ 15).

On March 26, 2025, Petitioner was arrested by Immigration and Customs Enforcement ("**ICE**") pursuant to 8 U.S.C. § 1227 for overstaying his visa. (*Id.* ¶ 16). He was initially detained at the Krome North Processing Center in Miami, Florida and later transferred to the Broward Transitional Center and subsequently to the IAH Detention Center in Livingston, Texas. (*Id.* ¶ 17). Petitioner sought release on bond before an immigration law judge ("**ILJ**"), and on April 22, 2025, the ILJ granted a $5,000 bond. (*Id.* ¶ 19). Petitioner was released the same day. (*Id.*)

On September 17, 2025,[2] Petitioner appeared at the Miramar ICE facility with his attorney for a check-in. (*Id.* ¶ 19).[3] ICE officers re-arrested Petitioner based on information it received four months previously on May 8, 2025, that an active arrest warrant had been issued in Poland on April 22, 2024, in connection with alleged gambling offenses involving Petitioner.[4] (*Id.* ¶ 20). According to Petitioner, that warrant has since been quashed. (*Id.* ¶ 21). Petitioner now seeks immediate release from ICE custody under the same bond conditions previously authorized by the ILJ, arguing that ICE lacked authority to revoke his prior bond. *See* (DE 1; DE 6).

---

[2] Petitioner contends that the arrest occurred on September 17, 2025, while the Government and the deportation officer claim that the arrest occurred on September 18, 2025. *Compare* (DE 1 ¶¶ 17, 24) *with* (DE 17 at 3; DE 11-2 ¶ 21).

[3] Petitioner misnumbers his paragraphs. The sequence, beginning after paragraph 19, reads as follows: 19, 21, 21, 20, 21, 22.

[4] The record contains no evidence of any new administrative warrant or Form I-200/I-205, and the Government has not produced any such documentation associated with Petitioner's September 2025 re-arrest.

## II. LEGAL STANDARD

Rule 65 of the Federal Rules of Civil Procedure authorizes courts to grant a preliminary injunction or temporary restraining order before final judgment in limited circumstances. The purpose of this injunctive relief is to "preserve the status quo until the [Court] renders a meaningful decision on the merits." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1231 (11th Cir. 2005). The primary difference between a preliminary injunction and a TRO is that a TRO "may be entered before the defendant has an adequate opportunity to respond[.]" *Dragados USA, Inc. v. Oldcastle Infrastructure, Inc.*, No. 20-cv-20601, 2020 WL 733037, at *2 (S.D. Fla. Feb. 13, 2020). As such, the duration of a TRO is limited to fourteen days, absent an extension for good cause. Fed. R. Civ. P. 65(b)(2).

To merit a TRO, as with a preliminary injunction, Petitioner must show:

(1) a substantial likelihood of success on the merits; (2) that the [TRO] is necessary to prevent irreparable injury; (3) that the threatened injury outweighs the harm the [TRO] would cause the other litigant; and (4) that the [TRO] would not be averse to the public interest.

*Gissendaner v. Comm'r, Ga. Dept. of Corr.*, 779 F.3d 1275, 1280 (11th Cir. 2015) (quoting *Wellons v. Comm'r, Ga. Dept. of Corr.*, 754 F.3d 1260, 1263 (11th Cir. 2014)); *see also Windsor v. United States*, 379 F. App'x 912, 916–17 (11th Cir. 2010) (explaining that "the four criteria for obtaining a preliminary injunction are identical to those for issuance of a temporary restraining order").

## III. DISCUSSION

Petitioner's central argument is that ICE lacked authority to revoke the bond previously granted by the immigration judge. The Court begins by addressing the relevant statutes and regulations governing Petitioner's detention and bond.

### A. *8 U.S.C. § 1226*

Federal immigration law "authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings." *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018). Section 1226(a) provides that when a noncitizen has been "arrested and detained pending a decision on whether the alien is to be removed from the United States[,]" the Attorney General may either continue to detain the individual or release them on bond or conditional release. 8 U.S.C. § 1226(a). The statute thus "establishes a discretionary detention framework." *Gomes v. Hyde*, No. 25-cv-11571, 2025 WL 1869299, at *2 (D. Mass. July 7, 2025). Section 1226 further provides that the Attorney General "at any time may revoke a bond[,]" and expressly precludes judicial review of such discretionary decisions. *See* 8 U.S.C. § 1226(b), (e). District courts therefore lack jurisdiction to second guess bond or custody decisions under § 1226. *See United States v. Velasquez Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008) (district court lacked authority to review or overturn immigration judge's decision to release noncitizen on bond pending immigration proceedings); *see also Dos Santos v. Meade*, 20-cv-22996, 2020 WL 6565212, at *3 (S.D. Fla. Nov. 9, 2020) (relying on *Velasquez* and concluding that discretionary decisions of attorney general are unreviewable by district courts).

### B. *8 C.F.R. § 1003.19*

Under 8 C.F.R. § 1003.19, a noncitizen may request an initial bond redetermination before an immigration law judge who may consider "any information that is available . . . or that is presented to him." 8 C.F.R. § 1003.19(b), (e). Once the immigration judge renders a bond decision, any subsequent bond redetermination may be sought only "upon

a showing that the alien's circumstances have changed materially since the prior bond redetermination." *Id.*

Based on these provisions, Petitioner argues that ICE improperly revoked his bond without first seeking revocation or modification through the immigration court. The Court recognizes that ICE's unilateral bond revocation absent an appeal to the Board of Immigration Appeals, a motion for custody redetermination, or even the issuance of a new administrative warrant raises legitimate concerns. *See Orellana Juarez v. Moniz*, No. 25-cv-11266, 2025 WL 1698600, at *5 (D. Mass. June 11, 2025) ("[C]ontrary to Respondents' position, [8 C.F.R. § 1003.19(e) and (f)] provide for only two circumstances in which an IJ's bond may be modified. According to the plain language of these regulations, an IJ or the BIA holds the authority to determine custody conditions, not Respondents.").[5] Consequently, the immigration court is the proper forum to address and remedy such issues. *See* 8 U.S.C. § 1226(e); *see also Mayorga v. Meade*, No. 24-22131, 2024 WL 4298815, at *7 (S.D. Fla. Sept. 26, 2024) ("Instead, the decision to deny Petitioner bond is discretionary pursuant to § 1226 and beyond the jurisdiction of this Court."); *Cruz-Zavala v. Garland*, No. 20-cv-96872, 2021 WL 1192376, at *7 (N.D. Cal. Mar. 29, 2021) ("[T]he Court does not have jurisdiction over challenges to the Attorney General's discretionary bond determinations under § 1226(a)."); *Adekunle J. v. Anderson*, No. 20-1671, 2020 WL 831128, at *2 (D.N.J. Feb. 20, 2020) (relying on § 1226(a) to conclude that "[t]his Court therefore lacks jurisdiction to reconsider or otherwise alter the bond amount set by the immigration judge at Petitioner's bond hearing.").

---

[5] Indeed, adopting the Government's position would permit ICE to repeatedly re-detain individuals already released on bond by the immigration court. Furthermore, ICE would never need to appeal a bond decision before the BIA as it would have absolute authority to revoke bond and detain individuals at will.

### C. *Due Process Concerns*

Petitioner further raises due process concerns regarding the circumstances of his detention. The Court fully recognizes that all noncitizens regardless of legal status are entitled to due process of law. *See e.g., Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("But once an alien enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."); *Landon v. Plasencia*, 459 U.S. 21, 34 (1982) (noncitizens have a "weighty" liberty interest as they "stand[] to lose the right to stay and live and work in this land of freedom," and "may lose the right to rejoin [their immediate family"); *Matthews v. Diaz*, 426 U.S. 67, 77 (1976) ("Even one whose presence in this country is unlawful, involuntary, or transitory is entitled to that constitutional protection."). "In the context of immigration proceedings, due process requires that individuals be given notice and an opportunity to be heard." *Leiva-Hernandez v. U.S. Att'y Gen.*, No. 20-14163, 2021 WL 3012652, at *4 (11th Cir. 2021).

The Court's role is limited to ensuring that Petitioner receives that opportunity. While the subsequent dismissal of the Polish arrest warrant may constitute a "material change in circumstances" relevant to Petitioner's detention status, 8 C.F.R. § 1003.19(e) vests exclusive authority in the immigration court to consider such changed circumstances in a renewed bond hearing. *See* 8 C.F.R. § 1003.19(e) ("After an initial bond redetermination, an alien's request for a subsequent bond redetermination shall be made in writing and shall be considered only upon a showing that the alien's circumstances have changed materially since the prior bond redetermination."); *Saravia v. Green*, No. 17-34559, 2017 WL 6513345, at *3 (D.N.J. Dec. 15, 2015) ("Thus, to the

extent there are changed circumstances warranting a bond redetermination hearing, Petitioner's remedy is to ask the immigration court for a bond redetermination hearing and not to file a petition for habeas corpus."). The Government has represented that it will promptly present Petitioner's changed circumstances to the ILJ, with a hearing anticipated as early as October 14, 2025. This hearing provides Petitioner with a meaningful opportunity to challenge his continued detention and ICE's revocation of bond.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Petitioner's Amended Motion for Temporary Restraining Order (DE 6) is **GRANTED IN PART**.

2. This matter is **REMANDED** to the immigration court for prompt proceedings before the immigration law judge pursuant to 8 U.S.C. § 1226 and 8 C.F.R. § 1003.19, so that any changed circumstances, including the dismissal of the Polish warrant, may be considered in determining Petitioner's custody status.

3. All actions to remove Petitioner are **STAYED** pending the conclusion of those proceedings before an immigration law judge and the Parties' appearance before the Court to report on those proceedings.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 15th day of October, 2025.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE